CARLOS VELÁZQUEZ GARCÍA, demandante y recurrido, *v.* C. JIMÉNEZ, INC., CÁNDIDO JIMÉNEZ, ELINA TORRES DE JIMÉNEZ y la SOCIEDAD DE GANANCIALES constituida entre ambos, demandados y recurrentes.

*Número:* R-82-294        *Resuelto:* 27 de diciembre de 1982

*Ramón A. Cancio*, abogado de los recurrentes; *Ernesto González Piñero*, abogado del recurrido.

EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ emitió la opinión del Tribunal.

Con fecha del 30 de julio de 1977, don Cándido Jiménez y su esposa, doña Elina Torres de Jiménez, suscribieron en su carácter personal y, don Cándido, en su carácter de Presidente de la Corporación C. Jiménez, Inc., un pagaré, el cual, en lo pertinente, lee como sigue:

### P A G A R E

VALOR: $36,372.20          VENCIMIENTO: 1 de noviembre de 1980

POR VALOR RECIBIDO, nos obligamos a pagar a CARLOS VELAZQUEZ GARCIA, con vencimiento el 1 de noviembre de 1980, en moneda legal de los Estados Unidos de América, la suma de TREINTA Y SEIS MIL TRESCIENTOS SETENTA Y DOS DOLARES CON VEINTE CENTAVOS ($36,372.20), más intereses desde el 1 de noviembre de 1977 al tipo del nueve y cuarto por ciento (9 1/4%) anual.

La forma de pago será de TREINTA Y SEIS (36) pagos mensuales de MIL CIENTO SESENTA DOLARES CON OCHENTA Y OCHO CENTAVOS ($1,160.88) cada uno, empezando el 1 de noviembre de 1977 y terminando el 1 de octubre de 1980.

San Juan, Puerto Rico, a 30 de julio de 1977.


C. JIMENEZ, INC.                    (firmado)
                                   CANDIDO JIMENEZ

POR:
        (firmado)
     CANDIDO JIMENEZ              (firmado)
        Presidente        ELINA TORRES DE JIMENEZ


Vencido y no pagado dicho pagaré, con fecha del 14 de julio de 1981 el Sr. Carlos Velázquez García entabló demanda en cobro de dinero ante la Sala de San Juan del

Tribunal Superior de Puerto Rico contra la Corporación C. Jiménez, Inc. y contra Cándido Jiménez, su esposa y la sociedad legal de gananciales constituida entre ambos. Radicaron "los demandados" una contestación a la demanda en donde, a pesar de que negaron adeudar la cantidad reclamada, aceptaron que adeudaban una cantidad menor, esto debido, en síntesis, a que las transacciones que culminaron en la firma por ellos del pagaré a que se refiere la demanda, tenían su origen en unos préstamos usurarios que le habían hecho Carlos Velázquez Toro, persona fallecida y padre del demandante Carlos Velázquez García, y este último. [1]

La parte demandante procedió a la toma de deposición del codemandado Cándido Jiménez. En ella el señor Jiménez declaró, en síntesis, que debido a la precaria situación económica en que se encontraba, negoció con el Sr. Carlos Velázquez Toro, *el 10 de septiembre de 1975*, un préstamo por la suma de $25,000, acordándose verbalmente que el mismo sería por el término de un año, al 20% anual de interés o por el 5% de las comisiones que Jiménez recibiera en su negocio de seguros de vida, cualquiera de las dos sumas que fuera mayor; que, no empece lo anterior, Velázquez Toro "le hizo" firmar un pagaré al día siguiente por la suma de $30,000 de principal con interés al 9% anual, pagaré que firmaron ante notario público su esposa y él, en su carácter personal y como presidente de su corporación C. Jiménez, Inc.; que Carlos Velázquez Toro falleció en diciembre de 1975 sin que Jiménez le hubiera hecho pago alguno; que el primer pago lo hizo al hijo de éste, el demandante Carlos Velázquez García, el 9 de marzo de 1976; que entre esa fecha y el 12 de abril de 1976 hizo pagos que totalizan la suma de $2,686.42; que su condición económica se siguió deteriorando al punto que consideró declararse en quiebra,

---

[1] La parte demandada reconvino por los sufrimientos y angustias mentales que había sufrido como consecuencia de la "intimidación y presión" ejercida contra ellos por la parte demandante en el cobro de la deuda, reconvención que fue objeto de contestación en la negativa por la parte demandante.

decisión que le comunicó a Velázquez García; que éste le hizo un préstamo adicional por $13,640, acordándose entre ellos que se pagaría el 9% anual de interés o el 7% de sus comisiones, lo que fuera mayor; este segundo préstamo está representado por un pagaré de fecha 21 de abril de 1976 por la suma principal antes mencionada, al 9% de interés, y está suscrito ante notario público por la señora esposa de Jiménez y por éste, en su carácter personal y como presidente de C. Jiménez, Inc., haciéndose constar expresamente que la obligación es de carácter solidario; que Jiménez hizo tres pagos adicionales por concepto de intereses a Velázquez García entre el 7 de mayo y el 11 de agosto de 1976 por un total de $788.85; que el 28 de agosto de 1976 Jiménez hizo a Velázquez García un abono de principal por la suma de $2,267.80, quedando reducido, por tanto, el principal del segundo préstamo a la suma de $11,372.20; que posteriormente Jiménez hizo a Velázquez García ocho pagos por concepto de intereses, entre el 17 de septiembre de 1976 y el 21 de abril de 1977, por un total de $5,462.12; que con posterioridad al último de esos ocho pagos de intereses, realizado el 21 de abril de 1977, Jiménez se negó a pagar más, interviniendo entonces entre Jiménez y Velázquez García, como "amigo componedor", el Lcdo. Roberto Martín quien convenció a ambos de la conveniencia de que consolidaran en un solo pagaré el principal adeudado por concepto de los dos préstamos, o sea, $25,000 del préstamo original más el balance del segundo préstamo de $11,372.20, para un total de $36,372.20, [2] que es el pagaré al que se contrae la demanda; y, por último, que nada ha pagado al señor Velázquez García desde la fecha en que se suscribió este tercer y último pagaré, ni por concepto de principal ni de intereses.

---

[2] Nótese que, tácitamente, Carlos Velázquez García admitió, al aceptar la propuesta del licenciado Martín de consolidar los dos pagarés en uno solo por la suma de $36,372.20, que es cierta la alegación de Cándido Jiménez a los efectos de que sólo había recibido de manos de Carlos Velázquez Toro la suma de $25,000 y no la de $30,000.

La parte demandante, basándose en las expresiones hechas bajo juramento en la deposición del señor Jiménez, a los efectos de que nada había pagado en relación con el tercer y último pagaré, y poniendo énfasis en el hecho de que, por enmiendas hechas a sus alegaciones, había renunciado de manera expresa, respecto a Jiménez y su esposa, a cualquier interés en exceso del máximo permitido por ley, radicó una moción de sentencia sumaria, la cual el tribunal de instancia, a pesar de una bien fundamentada oposición de la parte demandada, declaró con lugar, "condenando a la parte demandada a satisfacer solidariamente a la parte demandante la cantidad de $36,372.20, los intereses pactados al 9 1/4% anual desde el día 1ro. de noviembre de 1977, las costas, y la suma de $2,000.00 para honorarios de abogado".

No conforme con dicha sentencia, la parte demandada radicó ante este Tribunal el presente recurso de revisión en el cual, en adición a reproducir las transcritas alegaciones que Cándido Jiménez hizo en la deposición que se le tomó, "plantea las siguientes cuestiones de derecho":

(a) Si es aquí aplicable, de acuerdo con los hechos propios de este caso, lo dispuesto por el Art. 1206 de la Ley de Corporaciones, 14 L.P.R.A. sec. 2206, al efecto de que las corporaciones no pueden invocar a su favor la Ley de Usura, 31 L.P.R.A. secs. 4594–4598.

(b) Si la renuncia a los intereses usurarios a que se refiere el Art. 1654 del Código Civil, 31 L.P.R.A. sec. 4596, requiere que se renuncie a todos los intereses o únicamente a los que sean en exceso del interés legal.

(c) Si procede que se revoque la sentencia sumaria porque los hechos sobre los cuales no hay controversia establecen que el demandante no tiene una reclamación que justifique la concesión de remedio alguno a su favor.

(d) Si procede que se dicte sentencia sumaria a favor del Estado, o en la alternativa, que se modifique la dictada a favor del demandante, por el importe del pagaré menos la totalidad de los intereses pagados.

Emitimos orden para mostrar causa dirigida a la parte demandante. Ésta ha comparecido. Se limita a elaborar un argumento a los efectos de que la defensa de usura no debe prosperar, ya que la misma está prescrita —por haber transcurrido un año— en vista de las disposiciones del Art. 1653 del Código Civil, 31 L.P.R.A. sec. 4595; que el tribunal de instancia procedió correctamente al dictar la sentencia sumaria que le fue solicitada en vista de que el codemandado Jiménez admitió que no había pagado suma alguna de dinero en relación con el pagaré de fecha 30 de julio de 1977; que renunció expresamente —respecto a los esposos Jiménez— a cualquier interés en exceso del máximo permitido por ley; y, por último, que las alegaciones de la parte recurrente —esgrimidas en el recurso de revisión— a los efectos de que los dineros de los préstamos concedidos a Jiménez por Carlos Velázquez Toro y su hijo Carlos Velázquez García provenían del dinero obtenido ilegalmente por el primero de ellos, por razón de sobornos recibidos durante sus años de empleado en la Autoridad de las Fuentes Fluviales de Puerto Rico, son meras especulaciones sin validez alguna. No niega en su comparecencia ninguna de las alegaciones respecto a la cuestión de usura que hace la parte recurrente.

Estando en posición de resolver el presente recurso, procedemos a hacerlo así.

■ Un examen de los pagos realizados por Cándido Jiménez —que dicho sea de paso están evidenciados por cheques cancelados— a Carlos Velázquez García *y del período de tiempo en que los mismos fueron realizados* demuestra, sin lugar a dudas, que estamos ante una situación de pago de intereses usurarios, ya que por disposición expresa del Art. 1649 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 4591, en interacción con los Reglamentos promulgados por la Junta Reguladora de Tasas de Interés y Cargos por Financiamiento, excediendo los préstamos concedidos al señor Jiménez de la suma de $3,000, los señores

Velázquez Toro y Velázquez García no podían cobrar un tipo de interés que excediera el prevaleciente al momento de los préstamos.[3] En adición a lo anteriormente expresado, la parte recurrida, como ya dijimos, en su comparecencia para mostrar causa aceptó de modo tácito —al no negarlo— el carácter usurario de los préstamos en controversia.

Nótese que en este caso no es meramente cuestión de que la parte demandante recurrida haya renunciado a cobrar, respecto a las personas naturales envueltas, cualquier interés en exceso de aquel permitido por la ley; en el presente caso los intereses usurarios ya fueron cobrados. *La totalidad de los intereses pagados por Cándido Jiménez a Velázquez García* —los cuales ascienden a la suma de $8,937.39— *deben ser deducidos o descontados del total de las sumas de dinero recibidas por el señor Jiménez de manos de los señores Velázquez Toro y Velázquez García*, ello por disposición expresa del Art. 1652 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 4594, el cual, *en lo pertinente*, dispone que: "*Ningún contrato* en el cual se reserve, acepte o asegure, o se convenga en reservar, aceptar o asegurar, *un tipo de interés mayor que el que se permite* por este Capítulo, *podrá hacerse efectivo en una corte de Puerto Rico, sino por el importe del capital adeudado. . . .*" (Énfasis suplido.) Véase: *J. E. Candal & Co.* v. *Rivera*, 86 D.P.R. 508 (1962).[4]

---

[3] La alegación de la parte recurrida a los efectos de que dichos pagos fueron realizados por la Corporación C. Jiménez, Inc., y no por el recurrente Cándido Jiménez en su carácter personal, debido a que fueron hechos en cheques pertenecientes a la referida corporación es inmeritoria. De la declaración prestada por el señor Jiménez en la deposición que le tomara la parte demandante —y que precisamente sirviera de base para la sentencia sumaria que dictara el tribunal de instancia— surge con meridiana claridad que los préstamos que se le hicieran a Cándido Jiménez por Velázquez Toro y Velázquez García fueron de carácter personal y que únicamente se hizo figurar la citada corporación, a instancias de los Velázquez, con el propósito de tratar de encubrir el carácter usurario de los préstamos.

[4] En cuanto a la alegación de prescripción de la parte recurrida tenemos que

Procede el que se modifique, adicionalmente, la sentencia dictada por el tribunal de instancia en el presente caso para conformar la misma con lo dispuesto por el citado Art. 1652 del Código Civil a los efectos de que: "la corte deberá, además, disponer en la sentencia condenando [*sic*] al deudor al pago del capital *que el acreedor recobre solamente de su deudor el setenta y cinco por ciento de dicho capital* y que el veinticinco por ciento restante sea adjudicado y recobrado por el Estado Libre Asociado de Puerto Rico. . . ." (Énfasis suplido.) La sentencia dictada, por último, deberá ser modificada en tanto y en cuanto se refiere a que condenó a los "demandados" —Jiménez, su esposa y la corporación— a pagar lo adeudado en forma solidaria, puesto que el pagaré nada expresa sobre ello.

Por las razones antes expresadas, *se expide el auto, se modifica la sentencia dictada por el Tribunal Superior de Puerto Rico, Sala de San Juan, el día 2 de junio de 1982 en el caso Civil Núm. 81-4004, en la forma antes indicada; así modificada se confirma, y se devuelve el caso al tribunal de instancia para procedimientos ulteriores compatibles con lo aquí expresado.*

El Juez Asociado Señor Irizarry Yunqué no intervino.

---

las disposiciones del Art. 1653 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 4595, no son aplicables a los hechos del presente caso. El término de un año que establece el referido artículo se refiere a la acción que radica una persona en cobro de unos intereses usurarios que ha pagado a otro. Cándido Jiménez y su esposa no han instado una acción en cobro de intereses usurarios por ellos pagados; han interpuesto *la defensa de usura* a una acción instada en contra de ellos.